**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10096 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00462-GEB |
| v. | |
| STEPHEN MCKESSON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted September 27, 2011[**]

Before:    HAWKINS, SILVERMAN, and W. FLETCHER, Circuit Judges.

Stephen McKesson appeals from the restitution order imposed following his guilty-plea conviction for sex trafficking of children by force, fraud, or coercion, in violation of 18 U.S.C. § 1591(a)(1). We have jurisdiction under 28 U.S.C. § 1291, and we vacate the restitution order and remand.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

The government contends that McKesson waived his right to appeal the restitution order. We reject the government's contention and address the merits of McKesson's claims. *See United States v. Tsosie*, 639 F.3d 1213, 1218 (9th Cir. 2011) ("Because the plea agreement did not set forth the amount of restitution Tsosie would be ordered to pay, or a reasonable and fairly accurate estimate thereof, Tsosie lacked sufficient notice to waive his right to appeal the restitution award.") (internal quotation marks omitted).

McKesson contends that the district court erred by failing to explain its reasons for imposing the $20,000 restitution award, because the amount is not supported by the evidence in the record. We agree that the district court failed to adequately explain how it determined the award amount, and that the evidence in the record is insufficient to support the ordered amount by a preponderance of the evidence. *See id.* at 1222 (noting that 18 U.S.C. § 3664 "requires both that a district court set forth its reasons in resolving a dispute over restitution and that a restitution award . . . be adequately supported by evidence in the record."). Accordingly, we vacate the restitution order, and remand to allow the district court to reassess and explain the amount of restitution. *See id.* at 1223.

**RESTITUTION ORDER VACATED and REMANDED.**

10-10096